# EXHIBIT 2

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

FILED
7/29/2021 10:11 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2011CH40227

14230724

N&L No. 1966-162 FC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

|  |  |
|---|---|
| ARGOLICA, LLC | *NON-RESIDENTIAL MORTGAGE FORECLOSURE* |
| Plaintiff, | |
| -vs- | Case No. 11 CH 40227<br>Calendar No. 62 |
| DYLAN REEVES; BELINDA REEVES; HSBC NEVADA F/K/A HOUSEHOLD FINANCE BANK; FORD MOTOR CREDIT COMPANY LLC; BING TIE; YING CHANG MA; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; | *Property Address:*<br>9808 S. Normal,<br>Chicago, IL 60628 |
| Defendant(s). | |

**THIRD AMENDED COMPLAINT FOR
FORECLOSURE OF MORTGAGE AND FOR OTHER RELIEF**

Now comes the plaintiff, ARGOLICA, LLC ("Plaintiff"), by its attorneys, Noonan &
Lieberman, Ltd., and complains of the defendants, DYLAN REEVES, BELINDA REEVES,
HSBC NEVADA F/K/A HOUSEHOLD FINANCE BANK, FORD MOTOR CREDIT
COMPANY LLC, BING TIE, YING CHANG MA, UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS as follows:

**COUNT I**

**(Foreclosure of Mortgage)**

1.     Plaintiff, pursuant to 735 ILCS 5/15-1101 *et. seq*., files this Complaint to
foreclose the mortgage ("Mortgage") hereinafter described and joins the following persons as
defendants:

DYLAN REEVES

BELINDA REEVES

HSBC NEVADA F/K/A HOUSEHOLD FINANCE BANK

1

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

FORD MOTOR CREDIT COMPANY LLC

BING TIE

YING CHANG MA

GINA MORROW

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

UNKNOWN OWNERS AND NON-RECORD CLAIMANTS.

2.     Attached as Exhibit A is a copy of the Mortgage and attached as Exhibit B is a copy of the Note secured thereby.   ShoreBank was the original holder, whereupon on November 2, 2011, the FDIC, as Receiver for ShoreBank assigned the loan to Urban Partnership Bank. On December 13, 2013, Urban Partnership Bank assigned the loan to MRF Illinois One, LLC. Assignment of Mortgage was recorded on April 15, 2016. On January 28, 2016, MRF Illinois One, LLC assigned the loan to Kondaur Capital Corporation. Assignment of Mortgage was recorded on April 15, 2016. On August 24, 2017, Kondaur Capital Corporation assigned the loan to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III ("Wilmington"). On March 2, 2021, Wilmington assigned the loan to Atlantica, LLC.   On April 19, 2021, Atlantica, LLC assigned the loan to Argolica, LLC, the current plaintiff. (Copies of the Assignments of Mortgage are attached as Group Exhibit C and made apart hereof).

3.     Information concerning mortgage:

A)  Nature of Instrument:

Mortgage

B) Date of mortgage:

December 8, 2006.

C) Name(s) of mortgagor(s):     DYLAN REEVES. ("D. Reeves")

D) Name of mortgagee:   ShoreBank

E)  Recording information:

The foregoing instrument was recorded in the Office of the Recorder of Deeds of Cook County, Illinois on March 27, 2007 as document number 0708641088

F)  Interest Subject to the mortgage:     Fee simple

G) Amount of original indebtedness, including subsequent advances made under the mortgage:

2

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

$231,300.00

H) Legal description of mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

**LEGAL DESCRIPTION:**

LOT 4 (EXCEPT THE NORTH 8 FEET) AND THE NORTH 8 FEET OF LOT 5 IN V.H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 AND 16 IN O'DELL'S ADDITION TO EUCLID PARK SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**COMMONLY KNOWN AS:**
9808 S. Normal, Chicago, IL 60628

**PROPERTY IDENTIFICATION NO:**

25-09-129-065-0000 (former PIN: 25-09-129-064-0000; former PIN: 25-09-129-057-000) A certified copy of the Cook County Mapping Department's Certification of legal description indicating the correct name of the subdivision, correct block numbers and PIN is attached hereto as Group Exhibit D and made a part thereof and a copy of the Cook County, IL Tax Map, indicating the correct subdivision as recorded on September 25, 1891, is attached as Exhibit E and made apart hereof. A copy of Schedule A and Schedule B/Tax Lien of the title commitment indicating the correct legal description and the property splits causing revised PINs is attached as Exhibit F and made a part hereof.

I)  Statements as to default:

Loan is in default as of November 14th, 2011 for failure to pay as required under the terms of the Mortgage and Note.

J)  Itemized statement as to unpaid principal, interest, other charges and total amount due as of May 6, 2021:

Loan is in default in the amount of $457,042.67, which includes an unpaid principal balance in the amount of $221,061.41 plus accrued interest in the amount of $172,965.26 (4/1/2010 – 6/4/21), escrow advances, late charges, $ attorneys' fees, and court costs from the default date through June 4, 2021 in the amount of $63,016.00; plus these fees continue to accrue.

K) Statement as to per diem interest accruing under the mortgage after default:

$42.40

3

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

L) Name(s) of the present owner(s) of the real estate:

DYLAN REEVES;

BELINDA REEVES upon information and belief that he/she may have an interest in the mortgaged property by virtue of a Warranty Deed recorded or made of record subsequent to the recording of the subject mortgage. The Warranty Deed made of record by the recording on or about February 8, 2017, as document no. 1703962000. Warranty Deed dated February 7, 2017 is attached as Exhibit G and made apart hereof.

M) Names of persons, other than the mortgagors, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

HSBC NEVADA F/K/A HOUSEHOLD FINANCE BANK by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording of the subject mortgage, including, but not limited to, a Judgment in the amount of $3,967.93, plus any applicable fees, costs and interest. This Judgment was made of record by the recording of a Memorandum of Judgment on November 30, 2009 as document no. 0933440020.

FORD MOTOR CREDIT COMPANY LLC by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording of the subject mortgage, including, but not limited to, a Judgment in the amount of $7,655.01, plus any applicable fees, costs and interest. This Judgment was made of record by the recording of a Memorandum of Judgment on March 30, 2010 as document no. 1008926212.

BING TIE by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording of the subject mortgage, including, but not limited to, a Judgment in the amount of $96,050.08, plus any applicable fees, costs and interest. This Judgment was made of record by the recording of a Memorandum of Judgment on July 22, 2011 as document no. 1120313037.

YING CHANG MA by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording of the subject mortgage, including, but not limited to, a Judgment in the amount of $96,050.08, plus any applicable fees, costs and interest. This Judgment was made of record by the recording of a Memorandum of Judgment on July 22, 2011 as document no. 1120313037.

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

GINA MORROW by virtue of all interests in favor of this defendant recorded or made of record subsequent to the mortgage recording of the subject mortgage, including but not limited to, a partial claim mortgage recorded on October 4, 2017 as document no. 1727746429 to the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. A copy of the Partial Claim Mortgage is attached as Exhibit H and made a part hereof.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT by virtue of all interests in favor of this defendant recorded or made of record subsequent to the mortgage recording of the subject mortgage, including but not limited to, a partial claim mortgage recorded on October 4, 2017 as document no. 1727746429. See, Ex. H.

UNKNOWN OWNERS-TENANTS AND NON-RECORD CLAIMANTS

N) Names of defendants claimed to be personally liable for deficiency, if any:

DYLAN REEVES

O) Capacity in which plaintiff brings this foreclosure:

Legal holder of the Mortgage and Note

P) Facts in support of a redemption period shorter than as specified in 735 ILCS 5/15-1603(b)(1)-(2):

None at this time. Plaintiff reserves the right to seek a shortened redemption period at a later date.

Q) Facts in support of request for attorneys' fees and of costs and expenses:

The Mortgage provides for the mortgagors' to pay for attorneys' fees, costs, and expenses upon default. (See Ex. "A", Page 9.)

R) MIP/Receiver Rights

The mortgage expressly provides for the appointment of mortgagee in possession or for the appointment of a receiver (See Ex. "A", Page 8.)

S) The names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:

DYLAN REEVES, BELINDA REEVES, GINA MORROW, BING TIE, and YING CHANG MA

FILED DATE: 8/28/2021 10:49 AM    2011CH40227

WHEREFORE, PLAINTIFF, ARGOLICA, LLC, REQUESTS:

a.      A judgment of foreclosure and sale.

b.      A judgment for attorneys' fees, costs, expenses, and post judgment advances.

c.      A finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

d.      An order of eviction.

e.      A sale by public auction.

f.      An order placing the mortgagee in possession or appointing a receiver, if sought.

g.      An order granting a shortened redemption period, if sought.

h.      An order reforming the mortgage

i.      A personal judgment for a deficiency, if sought.

j.      Such other relief as may be just and equitable.

## COUNT II

### (Reformation of the December 8, 2006 Mortgage to include subdivision name)

4.      Plaintiff re-alleges paragraphs 1 through 3 as though fully stated and alleged herein as Paragraph 4 of Plaintiff's Complaint.

5.      Plaintiff is informed and believes that through inadvertence and the mutual mistake of the original mortgagee, ShoreBank, and Borrower, the Mortgage, attached hereto as Exhibit A contains a scrivener's error.

6.      Pursuant to the Certificate of Title dated September 23, 1982 and recorded April 12, 2000, as document number 00256719, the property commonly known as 9808 S. Normal, Chicago, Illinois is legally described as follows:

> LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN.

7.    According to the Mortgage executed by the Defendant Dylan Reeves, the property is legally described as follows:

> LOT 4 EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP NORTH, RANGE 17 EAST OF THE THIRD PRINCIPAL MERIDIAN.

8.    Due to the mutual mistake of the relevant parties, the legal description in the Mortgage document dated December 8, 2006, and recorded as document number 0708641088 is incorrect and does not accurately describe the property having the intended common address.  The legal description is as follows:

> LOT 4 (EXCEPT THE NORTH 8 FEET) AND THE NORTH 8 FEET OF LOT 5 IN **V.H. SURGHNOR'S SUBDIVISION OF** BLOCK**S** 9 **AND 16** IN O'DELL'S ADDITION TO EUCLID PARK SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP **37** NORTH, **RANGE 14** EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

> Current PIN: 25-09-129-065-000 (former PIN: 25-09-129-059-0000). See Exs. D-F.

9.    Plaintiff is informed and believes that there was a meeting of the minds between the relevant parties that resulted in the Mortgage, and the scrivener's error contained in Exhibit A of the Mortgage occurred by the inadvertence and mutual mistake of the relevant parties.

10.    Accordingly, the document should be reformed by amending the legal description contained therein to reflect the legal description of the Certificate of Title, document number 00256719.

WHEREFORE, PLAINTIFF, ARGOLICA, LLC, REQUESTS that this Court enter an order reforming the Mortgage and subsequent assignments of mortgage to include the above legal description as the parties originally intended and for any other relief this Court deems as

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

just.

    a.    This Court enter an order reforming the Mortgage recorded as document 0708641088 by amending the legal description contained therein as follows:

LOT 4 (EXCEPT THE NORTH 8 FEET) AND THE NORTH 8 FEET OF LOT 5 IN V.H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 AND 16 IN O'DELL'S ADDITION TO EUCLID PARK SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    b.    For such other relief as this Court deems just and equitable.

## **COUNT III**

### **(Reformation of Mortgage and Assignments to include additional parcel)**

11.    Plaintiff re-alleges paragraphs 1 through 10 as though fully stated and alleged herein as Paragraph 11 of Plaintiff's Complaint.

12.    On March 27, 2007, the Mortgage being foreclosed herein was recorded with the following Legal Description:

**LEGAL DESCRIPTION:**

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS. (See Ex. A.)

13.    On or about December 8, 2006, D. Reeves executed a Promissory Note ("Note"), whereby the D. Reeves agreed to pay the principal sum of $231,300.00 to ShoreBank, plus interest set forth in the Note Plaintiff seeks to foreclose its mortgage against the Property.  (See Ex. B).

14.    The Note was a construction loan and D. Reeves used the loan proceeds to renovate his residence and add a second story to the single family home situated on the Property.

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

15.    It was the intent of the Mortgagee and D. Reeves that the Mortgagee would have a security interest in all of the property upon which the renovated single family residence was constructed and the security interest would serve as collateral for repayment of the construction loan proceeds. See Exhibit A and B.

16.    Prior to starting the construction, on or about December 27, 2006, D. Reeves became the owner of an adjacent property formerly known as 9810 S. Normal, Chicago, IL. ("Vacant Strip"). A copy of the Warranty Deed from Gina Morrow to D. Reeves dated December 27, 2006 and recorded as document no. 0636331079 on December 29, 2006 is attached as Exhibit I and made apart hereof.

17.    After D. Reeves completed the construction, the renovations caused the south wall of the single family home to extend beyond the Property lot lines and extend onto an adjacent Vacant Strip of land by virtue of approximately 3.5 feet. ("Vacant Strip").

18.    At all relevant times, D. Reeves knew that the renovations of the single family house would extend beyond the Property the current structure was situated upon. The Property would extend onto the Vacant Strip. The Vacant Strip is legally described as follows:

> THE SOUTH 8.00 FEET OF THE NORTH 16.00 FEET OF LOT 5 IN V.H. SURGHNOR`S SUBDIVISION OF BLOCKS 9 TO 16 IN O`DELL`S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

> Current PIN: 25-09-129-066-000 (former PIN: 25-09-129-059-0000) A certified copy of the Cook County Mapping Department's legal description is attached hereto as Exhibit J and made a part thereof.

19.    The legal description included in the Mortgage being foreclosed herein should therefore include the legal description for the Vacant Strip described as follows:

> THE SOUTH 8.00 FEET OF THE NORTH 16.00 FEET OF LOT 5 IN V.H. SURGHNOR`S SUBDIVISION OF BLOCKS 9 TO 16 IN O`DELL`S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH RANGE

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Current PIN: 25-09-129-066-000 (former PIN: 25-09-129-059-0000) See, Ex. J.
Common address: 9808 s. Normal, Chicago, IL (formerly known as 9810 S. Normal, Chicago ,IL).

WHEREFORE, PLAINTIFF REQUESTS that this Court enter an order reforming the Mortgage and subsequent assignments of mortgage to include the above legal description as the parties originally intended and for any other relief this Court deems as just.

<u>**COUNT IV**</u>

**(Declaratory Judgment to Impose Equitable Mortgage against Defendants,
<u>Dylan Reeves, Belinda Reeves and U.S. Housing and Urban Development)</u>**

20.   Alternatively, Plaintiff restates and re-alleges paragraphs 1-19 as though fully set forth herein as Paragraph 20.

21.   Plaintiff has an equitable mortgage encumbering the Vacant Strip because at all relevant times, the parties intended that Plaintiff would have a lien encumbering all of the real property upon which D. Reeve's residence was situated, including improvements, as collateral in consideration for the extension of credit and repayment of the Note. (See Exhibits A and B.)

22.   As part of the construction on the residence, D. Reeves intended upon acquiring the adjacent Vacant Strip to accommodate the newly rehabbed residence. Within twenty one (21) days of consummating his loan with Plaintiff, D. Reeves acquired the Vacant Strip by virtue of the Warranty Deed from Gina Morrow. (See, Ex. I.)

23.   At no time did D. Reeves disclose his intentions to cause the renovated single family home to extend beyond the Property lot lines and encroach upon the Vacant Strip, despite it being the intent of Mortgagor and Mortgagee that the Mortgage would encumber the Property.

10

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

24.    At no time did D. Reeves disclose his intentions to acquire the Vacant Strip to Plaintiff or advise Plaintiff of the recording of the Warranty Deed, just twenty one (21) days after consummation of the Mortgage.

25.    During the pending of the instant foreclosure proceedings, on or about February 8, 2017, D. Reeves conveyed the Vacant Strip to his mother, Belinda Reeves. (See Ex. G.)

26.    Based on information and belief, the conveyance to Belinda Reeves was for inadequate or no consideration.

27.    At no time did D. Reeves disclose his intentions to Plaintiff that he would convey the Vacant Strip to Belinda Reeves nor did he advise Plaintiff of the recording of this Warranty Deed.

28.    Plaintiff's interest in the Vacant Strip is superior to any title or interest claimed by Belinda Reeves, by virtue of the Warranty Deed, recorded subsequent to Plaintiff's Mortgage.

29.    A title search of the Vacant Strip reveals that on or about October 4, 2017, Gina Morrow, as borrower, granted the U.S. Department of Housing and Urban Development a partial claim of mortgage against the Vacant Strip, even though there is no chain of title showing that Gina Morrow held title or had any interest in the Vacant Strip at the time of the HUD mortgage.  (See, Ex. H.)

30.    The HUD Partial Mortgage is recorded against the Vacant Strip Current PIN: 25-09-129-066-000 (former PIN: 25-09-129-059-0000) bears the same legal description but has a different commonly known address, 9810 S. Normal, Chicago, IL.

31.    Plaintiff's interest in the Vacant Strip is superior to any title or interest claimed by Belinda Reeves, or HUD because the equitable lien derives from the Note dated December 8, 2006 and Mortgage having been recorded prior to any interest by Belinda Reeves and HUD.

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

32.    That no person other than the parties named above have any interest, right or title in or to the Property, or any part of it by possession, remainder, reversion or otherwise.

33.    An actual controversy exists in accordance with 735 ILCS 5/2-701 between the parties as to whether Plaintiff's Mortgage encumbers the Vacant Strip or Plaintiff has an equitable mortgage lien on the Vacant Strip.

34.    This Court is empowered "… in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed…". 735 ILCS 5/2-701.

35.    This Court has the power to declare and adjudicate the rights and liabilities of the parties, and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

36.    Plaintiff is entitled to a declaration that: 1) Plaintiff has an equitable mortgage on the Vacant Strip; 2) Plaintiff's equitable mortgage is superior to any title or interest claimed by Belinda Reeves, Gina Morrow, HUD or any other persons; and 3) Plaintiff has the right to foreclose its equitable mortgage against the Vacant Strip and proceed to foreclosure sale.

WHEREFORE, PLAINTIFF, ARGOLICA, LLC, prays for the entry of a declaratory judgment in its favor and against the Defendants, Dylan Reeves, Belinda Reeves and the U.S. Department of Housing and Urban Development as follows:

a.    Declaring that Plaintiff has an equitable mortgage against the Vacant Strip and Plaintiff has the right to foreclose its equitable mortgage and proceed to foreclosure sale;

b.    Declaring that Plaintiff's equitable mortgage is superior to any title, interest or claim by Defendants, Dylan Reeves, Belinda Reeves, Gina Morrow, and the U.S. Department of Housing and Urban Development in the Vacant Strip;

c.    Declaring that Plaintiff is entitled to an award of attorneys' fees, and costs incurred in this action; and

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

d.   Declaring that Plaintiff is entitled to any and all other relief the Court deems just and equitable.

## COUNT V

**(Foreclosure of Equitable Mortgage
against Dylan Reeves, Belinda Reeves, Gina Morrow
and the U. S. Department of Housing and Urban Development)**

37.   Plaintiff, pursuant to 735 ILCS 5/15-1101 *et. seq*., moves to foreclose the equitable mortgage ("Equitable Mortgage") as adjudicated and determined by the Court and restates and re-alleges paragraphs 1-36 as though fully set forth herein as paragraph 37. Plaintiff seeks to foreclose an Equitable Mortgage against the described property, hereinafter described, and joins the following persons as defendants:

DYLAN REEVES

BELINDA REEVES

GINA MORROW

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

UNKNOWN OWNERS AND NON-RECORD CLAIMANTS.

38.   Information concerning mortgage:

A)  Nature of Instrument:

Equitable Mortgage as adjudicated by the Court.

B) Date of mortgage:

Relates back to the original Note dated December 8, 2006.

C) Name(s) of mortgagor(s):    DYLAN REEVES.

D) Name of mortgagee:    ShoreBank.

E)  Interest subject to the mortgage:  Fee simple.

F)  Amount of original indebtedness, not including subsequent advances made under the mortgage:$231,300.00.

G)  Legal description of mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

LEGAL DESCRIPTION:

THE SOUTH 8.00 FEET OF THE NORTH 16.00 FEET OF LOT 5 IN V.H. SURGHNOR`S SUBDIVISION OF BLOCKS 9 TO 16 IN O`DELL`S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

COMMONLY KNOWN AS:    9808 S. Normal, Chicago, IL 60628

CURRENT PROPERTY IDENTIFICATION NO:

 25- 09-129-066-000 (former PIN: 25-09-129-059-0000)

H)  Statements as to default:

 Loan is in default as of November 14th, 2011 for failure to pay as required under the terms of the Mortgage and Note.

I) Itemized statement as to unpaid principal, interest, other charges and total amount due:

 Loan is in default in the amount of $379,632.11, which includes an unpaid principal balance in the amount of $221,061.41 plus accrued interest in the amount of $145,544.38 (4/1/2010 - 8/27/2019), escrow advances, and late charges, in the amount of $13,026.32 plus attorneys' fees, and court costs from the default date through present.

J) Statement as to per diem interest accruing under the mortgage after default:

 $42.98

K) Name(s) of the present owner(s) of the real estate:

 DYLAN REEVES


L)  Names of persons, other than the mortgagors, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

 BELINDA REEVES upon information and belief that he/she may have an interest in the mortgaged property by virtue of a Warranty Deed recorded or made of record subsequent to the recording of the subject mortgage. The Warranty Deed made of record by the recording on or about February 8, 2017, as document no. 1703962000 (See, Ex. G.)

14

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

GINA MORROW by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording mortgage recording of the subject mortgage, including but not limited to, a mortgage recorded on October 14, 2017 as document no. 1727746429. (See, Ex. I.)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT by virtue of all interests in favor of this defendant recorded or made of record subsequent to the recording mortgage recording of the subject mortgage, including but not limited to, a mortgage recorded on October 14, 2017 as document no. 1727746429. (See, Ex. H.)

UNKNOWN OWNERS-TENANTS AND NON-RECORD CLAIMANTS

M) Names of defendants claimed to be personally liable for deficiency, if any:

DYLAN REEVES

N) Capacity in which plaintiff brings this foreclosure:

Holder of Note and person entitled to enforce the equitable mortgage.

O) Facts in support of a redemption period shorter than as specified in 735 ILCS 5/15-1603(b)(1)-(2):

None at this time. Plaintiff reserves the right to seek a shortened redemption period at a later date.

P) The names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated, and if not elsewhere stated, the facts in support thereof:

DYLAN REEVES, BELINDA REEVES, GINA MORROW

WHEREFORE, PLAINTIFF, ARGOLICA, LLC, prays for the entry of the following court order:

a.    A Judgment of foreclosure and sale in its favor and against all Defendants;

b.    A judgment for attorneys' fees, costs, expenses, and post judgment advances.

c.    A finding that the interests of all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

d.    An order of eviction.

15

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

e.      A sale by public auction.

f.      An order placing the mortgagee in possession or appointing a receiver, if sought.

g.      An order granting a shortened redemption period, if sought.

h.      An order reforming the mortgage

i.      A personal judgment for a deficiency, if sought.

j.      Such other relief as may be just and equitable.

## COUNT VI
### (Declaratory Judgment to Impose Equitable Lien Defendants, Dylan Reeves, Belinda Reeves, Gina Morrow <u>and U.S. Housing and Urban Development</u>)

39.    Alternatively, Plaintiff restates and re-alleges paragraphs 1-38 as though fully set forth herein as paragraph 39.

WHEREFORE, PLAINTIFF, ARGOLICA, LLC, prays for the entry of a declaratory judgment in its favor and against the Defendants, Dylan Reeves, Belinda Reeves and the U.S. Department of Housing and Urban Development as follows:

a.      Declaring that Plaintiff has an equitable lien against the Vacant Strip and Plaintiff has the right to foreclose its equitable lien and proceed to foreclosure sale;

b.      Declaring that Plaintiff's equitable lien is superior to any title, interest or claim by Defendants, Dylan Reeves, Belinda Reeves, Gina Morrow, and the U.S. Department of Housing and Urban Development in the Vacant Strip;

c.      Declaring that Plaintiff is entitled to an award of attorneys' fees, and costs incurred in this action; and

d.      Declaring that Plaintiff is entitled to any and all other relief the Court deems just and equitable.

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

## COUNT VII

### (Foreclosure of Equitable Lien against
### Dylan Reeves, Belinda Reeves, Gina Morrow and HUD)

40.     Plaintiff restates and re-alleges paragraphs 1-39 as though fully set forth herein as paragraph 40 and moves to foreclose the equitable lien ("Equitable Lien") as adjudicated and determined by the Court.

WHEREFORE, Plaintiff, Argolica, LLC, prays for the entry of the following court order:

a.      A Judgment of foreclosure and sale in its favor and against all Defendants;

b.      A judgment for attorneys' fees, costs, expenses, and post judgment and

c.      A finding that the interests of all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

d.      An order of eviction.

e.      A sale by public auction.

f.      An order placing the mortgagee in possession or appointing a receiver, if sought.

g.      An order granting a shortened redemption period, if sought.

h.      An order reforming the mortgage.

i.      A personal judgment for a deficiency, if sought.

j.      Such other relief as may be just and equitable.

## COUNT VIII

### (Declaratory Judgment against Defendants, Dylan Reeves, Belinda Reeves,
### Gina Morrow and the U. S. Department of Housing and Urban Development)

41.     Plaintiff restates and re-alleges paragraphs 1-40 as though fully set forth herein as Paragraph 41.

42.     Pursuant to the terms of the Mortgage, D. Reeves agreed to and is obligated to

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

make, execute and deliver, or will cause to be made, executed or delivered to Lender, any and all mortgages, deeds of trusts, security deeds, or other security agreements, the Lender deems necessary to effectuate, complete, perfect, continue or preserve D. Reeves' obligations under the Note, this Mortgage, and the Related Documents, and the liens and security interests created by the Mortgage as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor.  See, Ex. A, Mortgage, p. 6. *see,* Further Assurances: Attorney In Fact.

43.   The Property referred to above is commonly known as 9808 S. Normal, Chicago IL 60628.

44.   The Property commonly known as 9808 S. Normal, Chicago IL 60628 necessarily includes the Vacant Strip as evidenced by the Pins associated with the Property at 9808 S. Normal, Chicago, IL 60628.

See, http://www.cookcountypropertyinfo.com/pinresults.aspx

45.   Plaintiff is authorized and entitled to execute a mortgage or other security agreement to protect the collateral, in D. Reeves' name, in the event he fails to do so by virtue of the Attorney In Fact provisions in the Mortgage. See, Ex. A, p. 6.

46.   This Court is empowered "…in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed…" 735 ILCS 5/2-701.

47.   This Court has the power to declare and adjudicate the rights and liabilities of the parties, and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

48.   Plaintiff is entitled to a declaration that: 1) the Mortgage is hereby amended to include the Vacant Strip; alternatively, 2) D. Reeves shall execute, and deliver a mortgage on the Vacant Strip to Plaintiff; 3) alternatively, Plaintiff, as Attorney In Fact for D. Reeves, has

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

the authority and is entitled to make, execute and record, at its option, a mortgage on the Vacant Strip; 4) Plaintiff's mortgage is superior to any title or interest claimed by Belinda Reeves, Gina Morrow, HUD or any other persons; and 5) Plaintiff has the right to foreclose its mortgage against the Vacant Strip and proceed to foreclosure sale.

WHEREFORE, Plaintiff, Argolica, LLC, prays for the entry of a declaratory judgment in its favor and against the Defendants, Dylan Reeves, Belinda Reeves and the U.S. Department of Housing and Urban Development as follows:

a. Declaring that Defendant, Dylan Reeves, shall make, execute and deliver a mortgage to Plaintiff against the Vacant Strip and Plaintiff has the right to foreclose its equitable mortgage and proceed to foreclosure sale;

b. Alternatively, Declaring that Plaintiff has the right to make, execute and record a mortgage on the Vacant Strip and said mortgage is superior to any title, interest or claim by Defendants, Dylan Reeves, Belinda Reeves, Gina Morrow, and the U.S. Department of Housing and Urban Development in the Vacant Strip;

c. Declaring that Plaintiff is entitled to an award of attorneys' fees, and costs incurred in this action; and

d. Declaring that Plaintiff is entitled to any and all other relief the Court deems just and equitable.

## COUNT IX

**(Foreclosure of Mortgage against Vacant Strip as Executed by D. Reeves resulting from the Court granting the Relief in Count VIII against Dylan Reeves, Belinda Reeves, Gina Morrow and HUD)**

49. Plaintiff, pursuant to 735 ILCS 5/15-1101 et. seq., moves to foreclose the Mortgage against the Vacant Strip ("Vacant Strip Mortgage") as adjudicated and determined by the Court by declaring that D. Reeves must make, execute and deliver a mortgage to Plaintiff against the Vacant Strip and restates and re-alleges paragraphs 1-48 though fully set forth herein as paragraph 49.

50. The legal description included in the Mortgage being foreclosed herein should therefore include of the Property Plaintiff is foreclosing upon should include the following legal description described parcel:

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

LEGAL DESCRIPTION:

THE SOUTH 8.00 FEET OF THE NORTH 16.00 FEET OF LOT 5 IN V.H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 TO 16 IN O'DELL'S ADDITION TO EUCLID PARK,  A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Current PIN: 25- 09-129-066-000 (former PIN: 25-09-129-059-0000)

WHEREFORE, Plaintiff, Argolica, LLC prays for the entry of the following court order:

a.   A Judgment of foreclosure and sale in its favor and against all Defendants;

b.   A judgment for attorneys' fees, costs, expenses, and post judgment advances.

c.   A finding that the interests of all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

d.   An order of eviction.

e.   A sale by public auction.

f.   An order placing the mortgagee in possession or appointing a receiver, if sought.

g.   An order granting a shortened redemption period, if sought.

h.   An order reforming the mortgage.

i.   A personal judgment for a deficiency, if sought.

j.   Such other relief as may be just and equitable.


## COUNT X

**(Partition against Defendants, Dylan Reeves, Belinda Reeves,
Gina Morrow and the U. S. Department of Housing and Urban Development)**

51.   In the alternative, if the Court determines that Plaintiff's Mortgage does not encumber the Vacant Strip and Plaintiff is not entitled to an equitable mortgage or equitable lien against the Vacant Strip, Plaintiff seeks to partition the Property.

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

52. Plaintiff restates and re-alleges 1-10 as though fully set forth herein as Paragraph 52.

53. Plaintiff seeks to partition the Property to allow a sale of its collateral and apply the proceeds to reduce the Note's indebtedness owed by D. Reeve to Plaintiff.

54. That no person other than the parties named above have any interest, right or title in or to the Property, or any part of it by possession, remainder, reversion or otherwise.

55. Plaintiff desires that the Property be divided or portioned among the parties according to their respective rights or interests, or if division cannot be made without manifest prejudice to the parties, that the Property be sold and the proceeds be divided among the parties according to their respective rights or interests. Plaintiff previously requested that the Defendants join in a voluntary partition or consent to the sale of the Property, but they refuse to do so.

WHEREFORE, Plaintiff, Argolica, LLC, prays for the entry of a judgment in their favor and against the Defendants, Dylan Reeves, Belinda Reeves and the U.S. Department of Housing and Urban Development as follows:

a. The respective rights and interests of the parties, in whole, or any part, of the real estate and premises described above, or the sale proceeds, be ascertained, be declared, and settled by the judgment of this Court.

b. A fair division and partition of the property be made between the parties according to their respective rights and interests in the property;

c. That the Defendant, Dylan Reeves, be required to pay Plaintiff the outstanding balance due and owning from the December 6, 2008 Promissory Note out of their share of the proceeds from the sale of the Property;

d. Proper commissioners be appointed by this Court to make division and partition of the property;

e. If division or partition of the property, or any part of it, cannot be made without manifest prejudice to the parties interest, the property, or the part or parts of it as cannot be divided or partitioned, be sold by or under the direction of this Court, and the proceeds of the sale, after paying the costs

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

and charges of this action, divided among the parties, according to their respective rights or interests in the proceeds as ascertained and declared by judgment of this Court; and

f.      Such other and further relief as the Court may deem just and equitable.

## COUNT XI

### (Breach of Promissory Note dated 12/8/2006 against Defendant, Dylan Reeves)

56.    Plaintiff further complains against D. Reeves and states as follows:

57.    Plaintiff is the current holder and owner of the note and the underlying indebtedness and as assignee of the Note by virtue of the following Assignments of Mortgage:  ShoreBank, was the original holder, whereupon on November 2, 2011, the FDIC, as Receiver for ShoreBank transferred all rights, title and interest in the Note to Urban Partnership Bank. On December 13, 2013, Urban Partnership Bank assigned the loan to MRF Illinois One, LLC. Assignment of Mortgage was recorded on April 15, 2016. On January 28, 2016, MRF Illinois One, LLC assigned the loan to Kondaur Capital Corporation. Assignment of Mortgage was recorded on April 15, 2016. On August 24, 2017, Kondaur Capital Corporation assigned the loan to Plaintiff.  (See, Group Ex. C.)

58.    On or about December 8, 2006, Defendant-Borrower executed the Note whereby D. Reeves agreed to pay the principal sum of $231,300.00 to ShoreBank, plus interest set forth in the note. Pursuant to the terms of the Note, Borrower is required to make periodic payments when due pursuant to the payment scheduled set forth in the Note and should Borrower failed to make any payment when due under the Note, such failure constitutes an Event of Default. Upon Default, Lender may declare the entire unpaid balance under the Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount. Borrower failed to pay amounts when due under the Note. Therefore, the Note matured and is due and payable in full, including accrued interest. (A true and correct copy of the note is attached hereto as Exhibit "B" and incorporated herein.)

22

59. Pursuant to the terms of the Note, interest, including default interest, continues to accrue on the unpaid principal after the maturity.

60. Defendant is and remains in default under the terms of the Note based on their failure to make payments when due under the Note, including installments required under the Note, plus accrued interest and other amounts due under the Note, on and after the event of default. Interest continues to accrue pursuant to the terms of the Note.

61. Under the terms of the Note, in an Event of Default, Plaintiff has declared and hereby declares the entire unpaid balance under the Note, including all accrued interest under the Note.

62. Pursuant to the terms of the Note, Defendant further agreed to pay all expenses, including legal fees and costs, paid or incurred by Plaintiff enforcing the terms of the Note.

63. Plaintiff and its predecessor in interest performed all obligations each were required to perform under the terms of the Note.

WHEREFORE, Plaintiff, Argolica, LLC prays that this Court enter judgment in its favor and against Defendant, Dylan Reeves:

a. In the unpaid principal amount of $221,061.41, plus accrued but unpaid interest in the amount of $145,544.38 (4/1/2010 - 8/27/2019) plus late fees and escrow advances of $13,026.32 for the aggregate sum of $379,632.11 (as of August 27, 2019);

b. Additional interest and late fees accruing through the date of judgment;

c. For Plaintiff's costs, including reasonable attorneys' fees incurred in this action; and

d. For such further relief as this Court deems just and equitable.

ARGOLICA, LLC

/s/    Pamela J. Leichtling
One of its Attorneys

23

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

FILED DATE: 8/28/2021 10:49 AM    2011CH40227

Pamela J. Leichtling
Attorneys for the Plaintiff
Noonan & Lieberman, Ltd.
105 West Adams Street, Suite 1800
Chicago, Illinois 60603
Phone: 312-605-3454
Firm ID. 38245
Service by Email Accepted at: intake@noonanandlieberman.com

FILED DATE: 8/26/2021 10:49 AM 2011CH40227



Doc#: 0708641088 Fee: $48.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 03/27/2007 02:56 PM Pg: 1 of 13

WHEN RECORDED MAIL TO:
ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649

**FOR RECORDER'S USE ONLY**

Synergy 108650

This Mortgage prepared by:
 BRENDA ANDERSON-BANKS
 ShoreBank
 7054 South Jeffery Blvd.
 Chicago, IL 60649

SYNERGY TITLE SERVICES LLC
730 W. RANDO ?
SUITE 30 ;
CHICAGO, IL 60661
312.334.9000

---

# MORTGAGE

**MAXIMUM LIEN. At no time shall the principal amount of Indebtedness secured by the Mortgage, not including sums advanced to protect the security of the Mortgage, exceed $231,300.00.**

THIS MORTGAGE dated December 8, 2006, is made and executed between DYLAN REEVES, AN UNMARRIED MAN. (referred to below as "Grantor") and ShoreBank, whose address is 7054 South Jeffery Blvd., Chicago, IL 60649 (referred to below as "Lender").

**GRANT OF MORTGAGE. For valuable consideration, Grantor** mortgages, warrants, and conveys to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in COOK County, State of Illinois:**

 LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**The Real Property or its address is commonly known as 9808 S. NORMAL, CHICAGO, IL 60628. The Real Property tax identification number is 25-09-129-057-0000.**

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND**



EXHIBIT
A

FILED DATE: 9/26/2021 10:49 AM   2011CH40227

**MORTGAGE**
**(Continued)**

Loan No: 542605

Page 2

THIS MORTGAGE. **THIS MORTGAGE IS INTENDED TO AND SHALL BE VALID AND HAVE PRIORITY OVER ALL SUBSEQUENT LIENS AND ENCUMBRANCES, INCLUDING STATUTORY LIENS, EXCEPTING SOLELY TAXES AND ASSESSMENTS LEVIED ON THE REAL PROPERTY, TO THE EXTENT OF THE MAXIMUM AMOUNT SECURED HEREBY. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with

**MORTGAGE**

Loan No: 542605                     **(Continued)**                         Page 3

Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests or to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Illinois law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

**MORTGAGE**

Loan No: 542605            **(Continued)**            Page 4

---

and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage:

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of ten (10) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**TAX AND INSURANCE RESERVES.** Grantor agrees to establish a reserve account to be retained from the loans proceeds in such amount deemed to be sufficient by Lender and shall pay monthly into that reserve account an amount equivalent to 1/12 of the annual real estate taxes and insurance premiums, as estimated by Lender, so as to provide sufficient funds for the payment of each year's taxes and insurance premiums one month prior to the date the taxes and insurance premiums become delinquent. Grantor shall further pay a monthly pro-rata share of all assessments and other charges which may accrue against the Property. All such payments shall be carried in an interest-free reserve account with Lender, provided that if this Mortgage is executed in connection with the granting of a mortgage on a single-family owner-occupied residential property, Grantor, in lieu of establishing such reserve account, may pledge an interest-bearing savings account with Lender to secure the payment of estimated taxes, insurance premiums, assessments, and other charges. Lender shall have the right to draw upon the reserve (or pledge) account to pay such items, and Lender shall not be required to determine the validity or accuracy of any item before paying it. Nothing in the Mortgage shall be construed as requiring Lender to advance other monies for such purposes, and Lender shall not incur any liability for anything it may do or omit to do with respect to the reserve account. Subject to any limitations set by applicable law, if the amount so estimated and paid shall prove to be insufficient to pay such taxes, insurance premiums, assessments and other charges, Grantor shall pay the difference as required by Lender. All amounts in the reserve account are hereby pledged to further secure the Indebtedness, and Lender is hereby authorized to withdraw and apply such amounts on the Indebtedness upon the occurrence of an Event of Default as described below.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests,

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

**MORTGAGE**
Loan No: 542605 **(Continued)** Page 5

─────────────────────────────────────────────

encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Mortgage also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Mortgage:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Mortgage shall survive the execution and delivery of this Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness is paid in full.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Mortgage:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Mortgage:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

**MORGAGE**
## MORTGAGE
### (Continued)

Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Mortgage, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Mortgage.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage; (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Mortgage, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Mortgage in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Mortgage as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Mortgage:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Mortgage, and the Related Documents, and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

## MORGAGE
## (Continued)

              

accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Grantor pays all the indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Mortgage, Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Grantor will pay, if permitted by applicable law, any reasonable termination fee as determined by Lender from time to time.

**REINSTATEMENT OF SECURITY INTEREST.** If payment is made by Grantor, whether voluntarily or otherwise, or by guarantor or by any third party, on the Indebtedness and thereafter Lender is forced to remit the amount of that payment (A) to Grantor's trustee in bankruptcy or to any similar person under any federal or state bankruptcy law or law for the relief of debtors, (B) by reason of any judgment, decree or order of any court or administrative body having jurisdiction over Lender or any of Lender's property, or (C) by reason of any settlement or compromise of any claim made by Lender with any claimant (including without limitation Grantor), the Indebtedness shall be considered unpaid for the purpose of enforcement of this Mortgage and this Mortgage shall continue to be effective or shall be reinstated, as the case may be, notwithstanding any cancellation of this Mortgage or of any note or other instrument or agreement evidencing the Indebtedness and the Property will continue to secure the amount repaid or recovered to the same extent as if that amount never had been originally received by Lender, and Grantor shall be bound by any judgment, decree, order, settlement or compromise relating to the Indebtedness or to this Mortgage.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Mortgage if any of the following happen:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Default on Other Payments.** Failure of Grantor within the time required by this Mortgage to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Break Other Promises.** Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Mortgage or in any agreement related to this Mortgage.

**Default In Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Mortgage or any related document.

**False Statements.** Any representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Mortgage or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Mortgage or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The death of Grantor, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Grantor's accounts, including deposit accounts, with Lender. However, if Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

**Loan No: 542605**

# MORGAGE
## (Continued)

Page 8

---

any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Insecurity.** Lender in good faith believes itself insecure.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Mortgagee in Possession.** Lender shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The mortgagee in possession or receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Judicial Foreclosure.** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property.

**Deficiency Judgment.** If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Mortgage or the Note or available at law or in equity.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all right to have the Property marshalled. In exercising its rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Notice of Sale.** Lender will give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the

**MORGAGE**
**(Continued)**

Loan No: 542605

Page 9

---

Real Property.

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Mortgage, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES.** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. All copies of notices of foreclosure from the holder of any lien which has priority over this Mortgage shall be sent to Lender's address, as shown near the beginning of this Mortgage. Any person may change his or her address for notices under this Mortgage by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** What is written in this Mortgage and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Mortgage. To be effective, any change or amendment to this Mortgage must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law. This Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Mortgage has been accepted by Lender in the State of Illinois.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get

Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**Waive Jury.** **All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Illinois as to all Indebtedness secured by this Mortgage.

**DEFINITIONS.** The following words shall have the following meanings when used in this Mortgage:

**Borrower.** The word "Borrower" means DYLAN REEVES and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor.** The word "Grantor" means DYLAN REEVES.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the

FILED DATE: 8/29/2021 10:49 AM 2011CH40227

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

# MORTGAGE
## (Continued)

**Loan No: 542605**                                                             **Page 11**

---

Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means ShoreBank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Note.** The word "Note" means the promissory note dated December 8, 2006, **in the original principal amount of $231,300.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. The interest rate on the Note is 7.000%. Payments on the Note are to be made in accordance with the following payment schedule: 6 monthly consecutive interest payments, beginning February 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; 353 monthly consecutive principal and interest payments of $1,546.56 each, beginning August 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; and one principal and interest payment of $1,549.75 on January 1, 2037, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under the Note. The maturity date of the Note is January 1, 2037.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS.**

GRANTOR:

X _____
   DYLAN REEVES

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

| Loan No: 542605 | **MORTGAGE**<br>**(Continued)** | Page 12 |

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____IL,_____          )
                                                                   ) SS
COUNTY OF _____Cook_____       )

On this day before me, the undersigned Notary Public, personally appeared **DYLAN  REEVES,** to me known to be the individual described in and who executed the Mortgage, and acknowledged that he or she signed the Mortgage as his or her free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this_____8th_____ day of ____December____, 20 0 6 _____.

By_____         Residing at _____

Notary Public in and for the State of _____IL._____

My commission expires _____

```
"OFFICIAL SEAL"
JEFFREY H. WILCOX
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/3/2010
```

LASER PRO Lending, Ver. 6.32.10.003  Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - IL  C:\LPL\CFI\LPL\G03.FC  TR-11948  PR-22

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

File No.:  108650

# EXHIBIT A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY,                                                                                                                 ILLINOIS.

PIN:                                                                                                              25-09-129-057-0000

COMMONLY KNOWN AS: 9808 S NORMAL, CHICAGO, ILLINOIS 60628

FILED DATE: 8/26/2021 10:49 AM    2011CH40227

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Ca | C=F | Account | Officer | Initials |
|-----------|-----------|----------|---------|-----|-----|---------|---------|----------|
| $231,300.00 | 12-08-2006 | 01-01-2037 | 542605 | | | | | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** DYLAN REEVES
9808 S. NORMAL
CHICAGO, IL 60828

**Lender:** ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649

| Principal Amount: $231,300.00 | Interest Rate: 7.000% | Date of Note: December 8, 2006 |
|---|---|---|

**PROMISE TO PAY.** I ("Borrower") promise to pay to ShoreBank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Thirty-one Thousand Three Hundred & 00/100 Dollars ($231,300.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance. Interest shall be calculated from the date of each advance until repayment of each advance.

**PAYMENT.** I will pay this loan in accordance with the following payment schedule: 8 monthly consecutive interest payments, beginning February 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; 359 monthly consecutive principal and interest payments of $1,546.59 each, beginning August 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; and one principal and interest payment of $1,546.76 on January 1, 2037, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Interest on this Note during the initial interest only payment period is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Interest on this Note during the permanent loan phase is computed on a 30/365 simple interest basis; that is, with the exception of odd days in the first payment period, monthly interest is calculated by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days is calculated on the basis of the actual days to the next full month and a 365-day year. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**LATE CHARGE.** If a payment is 16 days or more late, I will be charged 5.000% of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note, with the final interest rate described in this Note applying after maturity, or after maturity would have occurred had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts, including deposit accounts, with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and

EXHIBIT

B

Case: 1:21-cv-04592 Document #: 1-2 Filed: 08/27/21 Page 40 of 74 PageID #:50

**Loan No: 542605**

## PROMISSORY NOTE
### (Continued)

Page 2

prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Illinois.

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein: a Mortgage dated December 8, 2006, to Lender on real property located in COOK County, State of Illinois.

**LINE OF CREDIT.** This Note evidences a straight line of credit. Once the total amount of principal has been advanced, I am not entitled to further loan advances. I agree to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of my accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**ILLINOIS INSURANCE NOTICE.** Unless I provide Lender with evidence of the insurance coverage required by my agreement with Lender, Lender may purchase insurance at my expense to protect Lender's interests in the collateral. This insurance may, but need not, protect my interests. The coverage that Lender purchases may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that I have obtained insurance as required by our agreement. If Lender purchases insurance for the collateral, I will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own.

**PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.**

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _____
DYLAN REEVES

LASER PRO Lending, Ver. 5.32.00.003  Copr. Harland Financial Solutions, Inc. 1997, 2006.  All Rights Reserved.  - IL  C:\LPL\CFI\LPL\D20.FC  TR-11364  PR-12

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

## ALLONGE

This Allonge ("Agreement") dated as of [          ] is executed by the Federal Deposit Insurance Corporation as receiver of ShoreBank ("FDIC") to and for the benefit of URBAN PARTNERSHIP BANK as successor to Shorebank (the "Lender").

WITNESSETH:

WHEREAS, Dyland Reeves ("Borrower") made and delivered to ShoreBank, as predecessor to the FDIC a Promissory Note dated as of December 6, 2006 in the original principal sum of $231,300.00 (the "Note"); and

WHEREAS, the FDIC wishes to endorse the Note to Lender.

NOW, THEREFORE, in consideration of the above recitals and for other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the FDIC agrees as follows:

1.   The FDIC hereby endorses and assigns the Note to Lender. This assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver. All references in the Note to "Lender" shall mean and include Urban Partnership Bank. Capitalized terms herein not otherwise defined shall have the same meaning herein as in the Loan Agreement.

2.   This Agreement is made and entered and delivered in Chicago, Illinois and Illinois law shall control the interpretation thereof.

3.   Miscellaneous. This Agreement shall inure to the benefit of the Lender and its successors and assigns. This Agreement shall be binding upon the FDIC and its successors and assigns.

IN WITNESS WHEREOF, the FDIC has executed this Agreement as of the date first above written.

Pay to the order of

URBAN PARTNERSHIP BANK
Without Recourse

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of ShoreBank

By: _____
Name: _____
Title: Attorney-in Fact

FILED DATE: 8/26/2021 10:49 AM   2011CH40227



RECORDING REQUESTED BY
AND WHEN RECORDED RETURN TO:

Gregory A. McCormick
GARFIELD & MEREL, LTD.
180 N Stetson
Suite 1300
Chicago, Illinois 60601

COMMON ADDRESS:
9808 S. Normal
Chicago, IL 60628

TAX IDENTIFICATION NO.:
25-09-129-064-0000

Doc#:  1131116051 Fee: $40.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 11/07/2011 03:22 PM  Pg:  1 of 3

## ASSIGNMENT OF MORTGAGE

Assignor:
Federal Deposit Insurance Corporation,
as Receiver for ShoreBank

Assignee:
Urban Partnership Bank

FOR VALUE RECEIVED, the receipt and sufficiency of which are hereby acknowledged, Federal Deposit Insurance Corporation, as receiver for ShoreBank ("Assignor") does hereby grant, sell, assign, transfer and convey to  Urban Partnership Bank ("Assignee") that certain Mortgage described as follows (collectively "Mortgage"):

Mortgage dated December 8, 2006 and recorded March 27, 2007 with the Recorder of Deeds of Cook County, Illinois as document number 0708641088 and executed by Dylan Reeves to ShoreBank to secure a note for $231,300.00.

Legal Description of Property:

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, A SUBDIVISION OF THE EAST ½ OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 9808 S. Normal, Chicago, IL 60628

C:\Users\Bismark_H\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\URNTMJOU\Assign
Mortgage.doc



EXHIBIT
C

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

Together with the notes and obligations therein described or referred to, the money due or to become due thereon, together with interest, and all rights accrued or to accrue under said Mortgage.

To have and to hold the same unto Assignee, and its successors and assigns forever, subject only to the terms and conditions of the above described Mortgage.

IN WITNESS WHEREOF, we have executed this Assignment the day and year first above written.

ASSIGNOR: FEDERAL DEPOSIT INSURANCE CORPORATION,
BY:  URBAN PARTNERSHIP BANK ITS ATTORNEY
IN FACT

By: _____
Name: _____
Its: _____

**STATE OF ILLINOIS** )
                  ) SS.
**COUNTY OF** Cook )

     I, Beersheba Abernathy , a Notary Public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY THAT** Maureen Bismark who are personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his own free and voluntary act, for the uses and purposes therein set forth.

     **GIVEN** under my hand and notarial seal this 2nd day of November , 2011.

                                  _Beersheba B. Abernathy_
                               Notary Public

> "OFFICIAL SEAL"
> Beersheba G. Abernathy
> Notary Public, State of Illinois
> My Commission Expires Nov. 29, 2014

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

FILED DATE: 8/26/2021 10:49 AM    2011CH40227

## ALLONGE

This Allonge ("Agreement") dated as of [        ] is executed by the Federal Deposit Insurance Corporation as receiver of ShoreBank ("FDIC") to and for the benefit of URBAN PARTNERSHIP BANK as successor to Shorebank (the "Lender").

### WITNESSETH:

WHEREAS, Dyland Reeves ("Borrower") made and delivered to ShoreBank, as predecessor to the FDIC a Promissory Note dated as of December 6, 2006 in the original principal sum of $231,300.00 (the "Note"); and

WHEREAS, the FDIC wishes to endorse the Note to Lender.

NOW, THEREFORE, in consideration of the above recitals and for other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the FDIC agrees as follows:

1.      The FDIC hereby endorses and assigns the Note to Lender. This assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver. All references in the Note to "Lender" shall mean and include Urban Partnership Bank.   Capitalized terms herein not otherwise defined shall have the same meaning herein as in the Loan Agreement.

2.      This Agreement is made and entered and delivered in Chicago, Illinois and Illinois law shall control the interpretation thereof.

3.      Miscellaneous.  This Agreement shall inure to the benefit of the Lender and its successors and assigns.  This Agreement shall be binding upon the FDIC and its successors and assigns.

IN WITNESS WHEREOF, the FDIC has executed this Agreement as of the date first above written.

Pay to the order of

URBAN PARTNERSHIP BANK
Without Recourse

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of ShoreBank

By:
Name: Maureen M Bernard
Title: Attorney-in Fact

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

Doc#.  1610656052 Fee:  $50.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 04/15/2016 10:13 AM Pg:  1 of 2

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

**Assignment of Mortgage**

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **URBAN PARTNERSHIP BANK PO Box 19260, Chicago, IL 60619-0260** (Assignor) by these presents does assign and set over, without recourse, to **MRF ILLINOIS ONE, LLC 120 S. LaSalle, Suite 1850, Chicago, IL 60603** (Assignee) the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **DYLAN REEVES, AN UNMARRIED MAN** to SHOREBANK.   Said mortgage Dated: 12/8/2006 is recorded in the State of IL, County of Cook on 3/27/2007, **Document # 0708641088 AMOUNT: $ 231,300.00   SEE ATTACHED EXHIBIT A**
  Parcel # 25091290570000   Property Address: 9808 S., NORMAL, CHICAGO, IL 60628

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: 12/13/13.
URBAN PARTNERSHIP BANK

By: _Renee Kirin_

Renee Kirin, Director, Banking Operations

REEVES   KCM *13122175*

State of Illinois, County of Cook
On 12/13/13, before me, the undersigned, Renee Kirin, who acknowledged that he/she is Director, Banking Operations of/for  URBAN PARTNERSHIP BANK
 and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of URBAN PARTNERSHIP BANK  .

"OFFICIAL SEAL"
Pamela A. Murphy
Notary Public, State of Illinois
My Commission Expires July 6, 2017

Notary public, Pamela Murphy
My Commission Expires: July 6, 2017

IL   Cook

101022
AMF/AOM/URBAN

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

# Exhibit A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8
FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID
PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4
OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 9808
S. NORMAL, CHICAGO, IL 60628.
THE REAL PROPERTY TAX IDENTIFICATION NUMBER IS
25-09-129-057-0000.



Cook County, IL

AMF/AOM/URBAN

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

Doc#. 1610656053 Fee: $52.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 04/15/2016 10:13 AM Pg: 1 of 3

Mail Tax Statement to:    This document prepared by: Terri Le
Kondaur Capital Corporation    Kondaur Capital Corporation
333 South Anita Drive, Suite 400    333 South Anita Drive, Suite 400
Orange, CA 92868    Orange, CA 92868
456211

_____[Space Above This Line For Recording Data]_____

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, MRF Illinois One, LLC, c/o OCWEN Loan Servicing, LLC, whose address is 1661 Worthington RD, Suite 100, West Palm Beach, FL 33409, hereby assigns, and transfers to Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015-2 at 333 S. Anita Dr., Ste., 400, Orange, CA 92868, all its right, title and interest in and to that certain Mortgage executed by Dylan Reeves, an unmarried man, with an original principal amount of $231,300.00 to ShoreBank, and bearing the date of December 08, 2006 and recorded as Instrument # 0708641088 on March 27, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as: See legal description attached hereto and made a part hereof as exhibit "A".

Commonly known as: 9808 S NORMAL, CHICAGO, IL 60628
Tax ID: 25-09-129-057-0000

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 28th day of January, 2016.

MRF Illinois One, LLC

By: _____
Name: L. Steven Spears
Title: Chair

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF  CO            )
COUNTY OF  Denver      )SS.

On  Jun 28          2016 before me, Julie A Burke , Notary Public, personally appeared  Steven Spears who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me and that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of _____CO_____ that the foregoing paragraph is true and correct.


_____
Notary Public
My Commission Expires:


JULIE A BURKE
Notary Public
State of Colorado
Notary ID 20074013801
My Commission Expires Apr 4, 2019

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

# Exhibit A

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8
FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO BUCLID
PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4
OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

THE REAL PROPERTY OR ITS ADDRESS IS COMMONLY KNOWN AS 9808
S. NORMAL, CHICAGO, IL 60628.
THE REAL PROPERTY TAX IDENTIFICATION NUMBER IS
25-09-129-057-0000.

Cook County,   IL                    AMF/AOM/URBAN

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

Doc#. 1726157093 Fee: $52.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 09/18/2017 10:27 AM Pg: 1 of 3

**WHEN RECORDED MAIL TO:**
**AMIP Management**
3020 Old Ranch Parkway, Ste. 180
Seal Beach, CA 90740
456211

_____[Space Above This Line For Recording Data]_____

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015-2, whose address is 333 South Anita Drive, Suite 400, Orange, CA 92868, hereby assigns, and transfers to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, as Owner Trustee of the Residential Credit Opportunities Trust III, whose address is 3020 Old Ranch Parkway, Ste. 180, Seal Beach, CA 90740, all its right, title and interest in and to that certain Mortgage executed by Dylan Reeves, an Unmarried Man, with an original principal amount of $231,300.00 to ShoreBank, and bearing the date of December 08, 2006 and recorded as Instrument Number 0708641088 on March 27, 2007 of Official Records in the County Recorder's office of Cook County, State of Illinois, describing land therein as: See legal description attached hereto and made a part hereof as exhibit "A".

Commonly known as: 9808 S NORMAL, CHICAGO, IL 60628
APN/Parcel Number: 25-09-129-057-0000

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 24th day of August, 2017.

**Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2015-2**

By: _____
Name: Hanh Nguyen
Title: Collateral Manager:

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA            )
COUNTY OF ORANGE               )SS.

On August 24, 2017 before me, _____S. Poole_____, Notary Public, personally appeared Hanh Nguyen, who proved to me on the basis of satisfactory evidence ~~to be the person who~~ name to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify that under penalty of perjury under laws of the State of California that the foregoing paragraph is true and correct.

_____
Notary Public
My Commission Expires:

> S. POOLE
> Notary Public – California
> Orange County
> Commission # 2195659
> My Comm. Expires May 17, 2021

This Statement Prepared by Duy Ho
**Kondaur Capital Corporation**
333 South Anita Drive, Suite 400
Orange, CA 92868

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

## EXHIBIT "A"

### LEGAL DESCRIPTION

LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDITION TO EUCLID PARK, AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

Doc#. 2110901344 Fee: $98.00
Karen A. Yarbrough
Cook County Clerk
Date: 04/19/2021 10:38 AM Pg: 1 of 2

Prepared By
Ashley Fuentes
AMIP Management
3020 Old Ranch Parkway, #180
Seal Beach, CA 90740

Return to:
C. R. Hall
Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake, Tx 76092

ASSESSOR'S NO: 25-09-129-057-0000
Seller ID: 9160025236

### ASSIGNMENT OF MORTGAGE

For Value Received, WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III (herein "Assignor") whose address is 3020 OLD RANCH PARKWAY, STE 180, SEAL BEACH, CA 907401, does hereby grant, sell, assign, transfer and convey, unto ATLANTICA, LLC, (herein "Assignee"), whose address is 2001 WESTERN AVENUE, SUITE 400, SEATTLE, WA 98121, a certain described MORTGAGE, together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such MORTGAGE.

MORTGAGE by DYLAN REEVES, AN UNMARRIED MAN to SHOREBANK dated 12/8/2006 in the amount of $231,300.00.00 and filed for record on 3/27/2007 as Instrument #708641088 in COOK County, State of Illinois.

PROPERTY ADDRESS: 9808 SOUTH NORMAL, CHICAGO 60628

LEGAL DESCRIPTION: Attached as Exhibit "A"

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of 60628 on March 2 ____, 20 21

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III
By: American Mortgage Investment Partners Management, LLC, its Attorney-in-Fact

By: _____
Ron McMahan
CEO
POA recorded 11/16/2018 in Cook County, IL as Doc# 1832008004



Orion Financial Group Inc.

REEVES, DYLAN                    21034498

---

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California
County of Orange

On ___MAR 0 2 2021___ before me, Valya Fisher, the undersigned Notary Public, personally appeared Ron McMahan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Valya Fisher, Notary Public
Commission Expires 03/29/2023

VALYA FISHER
Notary Public - California
Orange County
Commission # 2283516
My Comm. Expires Mar 29 2023

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

**EXHIBIT A**
**LEGAL DESCRIPTION**

THE FOLLOWING DESCRIBED REAL ESTATE SITUATED IN THE COUNTY OF COOK IN THE STATE OF ILLINOIS TO WIT: LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN BLOCK 9 IN ODELL'S ADDTION TO EUCLID PARK AS SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 17, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS. PPN: 25-09-129-057-0000

Doc#. 2111201227 Fee: $98.00
Karen A. Yarbrough
Cook County Clerk
Date: 04/22/2021 08:08 AM Pg: 1 of 2

Recording requested by, return to:
Weinstein & Riley, P.S. – Tor Midtskog
2001 Western Avenue, Suite 400
Seattle, WA 98121

Reference No. **47941008** / LHFS 5772002733 / 9160025236

# ASSIGNMENT OF MORTGAGE

**Parcel ID: 25-09-129-065-0000, 25-09-129-066-0000**

For Value Received, the undersigned **ATLANTICA, LLC** (2003 Western Avenue, Suite #340, Seattle, WA 98121), hereby conveys, assigns, and transfers to **ARGOLICA, LLC** (2003 Western Avenue, Suite #340, Seattle, WA 98121), its successors and/or assigns, all right, title and interest together with all rights accrued or to accrue under that certain Mortgage executed by **Dylan Reeves, an unmarried man** to **ShoreBank** for **$231,300.00** dated **12/08/2006** and recorded on **03/27/2007** as Instrument No. **0708641088** in the Records of **COOK** County, IL

**Property Address: 9808 S NORMAL, CHICAGO, IL 60628**

Dated: April 19, 2021          **ATLANTICA, LLC**

Name: NICK SCOTT
Title: FINANCIAL CONTROLLER

**State of WASHINGTON**
**County of KING**

On April 19, 2021 before me, DOMINIC M NICHOLAS, Notary Public, personally appeared NICK SCOTT, Authorized Representative of Atlantica, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature
Notary Public: Dominic M Nicholas
My Commission Expires: 05-30-2023

DOMINIC M NICHOLAS
Notary Public
State of Washington
Commission # 208888
My Comm. Expires May 30, 2023

This instrument was prepared by Tor R. Midtskog for Weinstein & Riley, PS, Seattle WA
**47941008**

1

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

# LEGAL DESCRIPTION

The South 8.00 feet of the North 16.00 feet of Lot 5 in V.H. Surghnor's Subdivision of Block 9 to 16 in O'Dell's Addition to Euclid Park, A Subdivision of the East 1/2 of the Northwest 1/4 Section 9, Township 37 North, Range 14, East of the Third Principal Meridian, according to the plat thereof recorded as document number 1541584, in Cook County, Illinois.

47941008

FILED DATE: 8/26/2021 10:49 AM  2011CH40227

# Karen A. Yarbrough       Clerk of Cook County

## COUNTY OF COOK MAP DEPARTMENT

Date: <u>08-23-2019</u>

**THIS CERTIFIES THAT THE PERMANENT REAL ESTATE INDEX NUMBER KNOWN AS:**

| 25 - 09 - 129 - 065 - 0000 | **BEARS THE FOLLOWING LEGAL DESCRIPTION:**

<u>LOT 4 (EXCEPT THE NORTH 8 FEET) AND THE NORTH 8 FEET OF LOT 5 IN V.H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 AND 16 IN O'DELL'S ADDITION TO EUCLID PARK SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.</u>



Fee: $10.00

_Supervisor of Maps and Plats_

**EXHIBIT**

**D**

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

# David D. Orr      Clerk of Cook County

## COUNTY OF COOK MAP DEPARTMENT

Date: <u>07-25-2016</u>

### THIS CERTIFIES THAT THE PERMANENT REAL ESTATE INDEX NUMBER KNOWN AS:

**25 - 09 - 129 - 064 - 0000** BEARS THE FOLLOWING LEGAL DESCRIPTION:

LOT 4 (EXCEPT THE NORTH 8 FEET) AND THE NORTH 16 FEET OF LOT 5 IN V. H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 TO 16 IN ODELL'S ADDITION TO EUCLID PARK SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP 37 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Fee: $5.00

*Supervisor of Maps and Plats*

ELECTRONICALLY FILED
4/24/2018 3:08 PM
2011-CH-40227
PAGE 3 of 4



# Cook County, Illinois
## E½ NW¼ Section 9 - 37 - 14
## LAKE

2018 Tax Map
**Page 2509D**
37-14-9D

© 2018 Cook County, Illinois



"A"
O'DELL'S SUB. of the E.1/2 of the N.W.1/4 of Sec. 9-37-14. Vacation of above. Rec. Jul 12, 1868 Doc. 960469.
Rec. 01/11/1874 Doc. 994685

"B"
A SUB. of Blks. 12 & 13 in O'Dell's Add. to Euclid Park (see "A").
Rec. 11/29/1890 Doc. 1380396

"C"
WM. H. TRAVER'S SUB. of Blk. 1 in O'Dell's Add. to Euclid Park (see "A").
Rec. 07/05/1892 Doc. 1694568

"D"
A SUB. of Blk. 14 in O'Dell's Add. to Euclid Park (see "A").
Rec. 09/20/1889 Doc. 1159091

"E"
A SUB. of Blks. 5, 6, 7, 10, 11 & 15 in O'Dell's Add. to Euclid Park (see "A").
Rec. 09/20/1889 Doc. 1159092

"F"
A SUB. of Blk. 4 in O'Dell's Add. to Euclid Park (see "A").
Rec. 11/12/1888 Doc. 1027408

"G"
V. H. SURGHNOR'S SUB. of Blks. 9 & 16 in O'Dell's Add. to Euclid Park (see "A").
Rec. 09/25/1891 Doc. 1541584

"H"
T. J. WILLIAM'S SUB. of Blk. 8 in O'Dell's Add. to Euclid Park (see "A").
Rec. 07/25/1890 Doc. 1309649

"J"
SUB. of Blk. 3 in O'Dell's Add. to Euclid Park (see "A").
Rec. 12/21/1945 Doc. T079022

**EXHIBIT**

E

FILED DATE: 8/26/2021 10:49 AM 2011CH40227

09/05/2019

### WHEATLAND TITLE COMPANY
*A policy issuing agent of*
*FIRST AMERICAN TITLE INSURANCE COMPANY*

Commitment Number:
WTG File No. :   YVL-HC-2017CO-3333.0
Effective Date :   August 14, 2019

### SCHEDULE A

1) Guarantee and Commitment Date:   August 14, 2019

2) Guarantee Liability and Commitment Amount:   $10,000.00

3) Policy issued will be the 2006 ALTA Owner's Policy with standard exceptions.

   Proposed Insured:   Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust

4) Fee Simple interest in the land described in this commitment is owned, at the commitment date, by:

   Dylan Reeves

5) Mortgage to be foreclosed:   0708641088

6) The land referred to in this Commitment is described as follows:

   LOT 4 (EXCEPT THE NORTH 8 FEET THEREOF) AND THE NORTH 8 FEET OF LOT 5 IN V.H. SURGHNOR'S SUBDIVISION OF BLOCKS 9 AND 16 IN O'DELL'S ADDITION TO EUCLID PARK, BEING A SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   PERMANENT TAX NUMBER: 25-09-129-065-0000

ISSUED BY:
Wheatland Title Company
105 W. Veterans Parkway
Yorkville, Illinois 60560

Agent for:
First American Title Insurance Company



EXHIBIT

tabbies

F

09/05/2019

First American Title Insurance Company
Foreclosure and Guarantee Commitment Form

Commitment Number:
WTG File No. :  YVL-HC-2017CO-3333.0
Effective Date :  August 14, 2019

1.    The lien of taxes for the year 2018 and thereafter.

2018 taxes in the amount of $2,363.29 are not paid

2018 First Installment due March 01, 2019 in the amount of $0.00 is paid.

2018 Second Installment due August 01, 2019 in the amount of $2,363.79 is not
paid.

Note: Due to a property split in 2018 PIN 25-09-129-064-0000 has become 25-09-
129-065-0000 and 25-09-129-066-0000

Note: Due to a property split in 2008 PIN 25-09-129-057-0000 has become 25-09-
129-064-0000.

PERMANENT TAX NUMBER:       25-09-129-065-0000

2.    Note:  The legal description referred to in this commitment has been amended
from the Plat of Subdivision to more accurately describe the land.

3.    Note for Informational purposes: Documents contained in this report were posted
under old PIN 25-09-129-057-0000 in the Cook County Recorder's Office.

4.    Dylan Reeves acquired the South 8 feet of the North 16 feet of Lot 5 through
Warranty Deed recorded December 29, 2006 as Document No. 0636331079.
Dylan Reeves then conveyed the property to Belinda Reeves by Warranty Deed
recorded February 8, 2017 as Document No. 1703962000. The South 8 feet of the
North 16 feet of Lot 5 is a vacant strip of land, in which is included in PIN 25-09-
129-064-0000. Based on this we raise the Interest of Belinda Reeves and reserve
the right to revise our commitment as deemed necessary.

5.    Mortgage dated December 8, 2006 and recorded March 27, 2007 as Document
No. 0708641088 made by Dylan Reeves, an unmarried man to ShoreBank to
secure a note in the amount of $231,300.00 recorded in the Cook County
Recorder's Office.

ISSUED BY:
Wheatland Title Company
105 W. Veterans Parkway
Yorkville, Illinois 60560

Agent for:
First American Title Insurance Company

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

FILED DATE: 8/26/2021 10:49 AM 2011CH40227

**Warranty Deed**

**ILLINOIS**

Doc# 1703962000 Fee $42.00

RHSP FEE:$9.00 RPRF FEE: $1.00

AFFIDAVIT FEE: $2.00

KAREN A.YARBROUGH

COOK COUNTY RECORDER OF DEEDS

DATE: 02/08/2017 03:17 PM  PG:  1 OF 3

Above Space for Recorder's Use Only

THE GRANTOR(s) Dylan Reeves of the City of Chicago, County of Cook, State of Illinois for and in consideration of TEN and 00/100 Dollars, and other good and valuable considerations in hand paid, CONVEY(s) and WARRANT(s) to Belinda Reeves at 8737 S. Racine as Grantee of Chicago, Illinois, the following described Real Estate situated in the County of Cook in the State of Illinois to wit: (See page 2 for legal description attached here to and made part here of.) hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Number(s): 25-09-129-059-0000

Address(es) of Real Estate: 9808 S. Normal. Chicago, IL 60628

The date of conveyance is _February 7_, 2017.

X _____
    Dylan Reeves

State of Illinois, County of Cook)ss.

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Dylan Reeves personally known to me to be the same person(s) whose name(s) is (are) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she (they) signed, sealed and delivered the said instrument and his/her (their) free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

(Impress Seal Here)

Given under my hand and official seal on this _7_ day of _FEBRUARY_ 2017.

(My Commission Expires _2/16/19_ )          X _____
                                                              Notary Public

OFFICIAL SEAL
CHALMUS ENGLISH SR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/16/19

Page 1 of 2

CCRD REVIEWER

EXHIBIT
G

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

Licensed only for inspection by the County Recorder of Deeds

## LEGAL DESCRIPTION

For the premises commonly known as:
9808 S. Normal; Chicago, IL 60628

Legal Description:

The South 8.00 feet of the North 16.00 feet of Lot 5 in V.H. Surghnor's Subdivision of Block 9 to 16 in Odell's Addition to Euclid Park Subdivision of the East ½ of the Northwest ¼ of Section 9, Township 37 North, Range 14, East of the Third Principal Meridian, according to the plat thereof recorded as document number 1541584, in Cook County, Illinois.

| REAL ESTATE TRANSFER TAX | | 08-Feb-2017 |
|---|---|---|
| | CHICAGO: | 150.00 |
| | CTA: | 60.00 |
| | TOTAL: | 210.00 * |

25-09-129-059-0000 | 20170201610520 | 0-982-105-280

* Total does not include any applicable penalty or interest due.

This instrument was prepared by:
Dylan Reeves
8737 S. Racine
Chicago, IL 60620

| REAL ESTATE TRANSFER TAX | | 08-Feb-2017 |
|---|---|---|
| | COUNTY: | 10.00 |
| | ILLINOIS: | 20.00 |
| | TOTAL: | 30.00 |

25-09-129-059-0000 | 20170201610520 | 1-273-504-448

Send Subsequent tax bills to:
Belinda Reeves
8737 S. Racine
Chicago, IL 60620

Recorder-mail recorded document to:

Dylan Reeves
8737 S. Racine
Chicago, IL 60620

Page 2 of 2

2

FILED DATE: 8/26/2021 10:49 AM 2011CH40227

## STATEMENT BY GRANTOR AND GRANTEE

The grantor or his agent affirms that, to the best of his knowledge, the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire or hold title to real estate under the laws of the State of Illinois.

Date ___FEBRUARY 7th 2017___     Signature: _____

Grantor or Agent

Print Name: __Dylan Reeves__

Subscribed and sworn to before me by the
Said __Dylan Reeves__
this __7th__ day of __February__
20__17__

X _____
        Notary Public

(Impress Seal Here)

OFFICIAL SEAL
CHALMUS ENGLISH SR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/16/19

The grantee or his agent affirms that, to the best of his knowledge, the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire or hold title to real estate under the laws of the State of Illinois.

Date ___Feb Ruary 7th 2017___     Signature: __Belinda Reeves__

Grantee or Agent

Print Name: __Belinda Reeves__

Subscribed and sworn to before me by the
Said __Belinda Reeves__
this __7th__ day of __February__
20__17__

X _____
        Notary Public

(Impress Seal Here)

OFFICIAL SEAL
CHALMUS ENGLISH SR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/16/19

NOTE:
        Any person who knowingly submits a false statement concerning the identity of a grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses

[Attach to deed or ABI to be recorded in Cook County, Illinois, if exempt under provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.]

FILED DATE: 8/26/2021 10:49 AM 2011CH40227

## Illinois Anti-Predatory Lending Database Program

### Certificate of Exemption



**Report Mortgage Fraud**
**844-768-1713**

Doc#. 1727746429 Fee: $58.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 10/04/2017 12:23 PM Pg: 1 of 6

---

The property identified as:  **PIN:** 25-09-129-059-0000

**Address:**
**Street:**        9810 S Normal Avenue
**Street line 2:**
**City:** Chicago         **State:** IL         **ZIP Code:** 60628

**Lender:** Secretary of Housing and Urban Development

**Borrower:** Gina Morrow

**Loan / Mortgage Amount:** $22,408.49

This property is located within the program area and the transaction is exempt from the requirements of 765 ILCS 77/70 et seq. because the application was taken by an exempt entity.

**Certificate number:** 129F8C93-FD0C-4B80-A19E-8D9A86696D70          **Execution date:** 10/3/2017



**EXHIBIT**

**H**

tabbies

1727746429 Page: 2 of 6

After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
Name: Kutsley Gass
Nationstar Mortgage LLC d/b/a Mr.
Cooper
8950 CYPRESS WATERS BLVD
DALLAS, TX 75019

Parcel ID Number: 25-09-129-059-0000

_____ [Space Above This Line For Recording Data] _____

Loan No: ███████

FHA Case Number: ███████

# PARTIAL CLAIM MORTGAGE

THIS PARTIAL CLAIM MORTGAGE ("Security Instrument") is given this 24th day of **August, 2017**. The Mortgagor is **GINA MORROW**, whose address is **9810 S NORMAL AVENUE, CHICAGO, IL 60628** ("Borrower"). This Security Instrument is given to **the Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** (herein "Lender"). Borrower owes Lender the principal sum of **TWENTY TWO THOUSAND FOUR HUNDRED EIGHT AND 49/100 Dollars (U.S. $22,408.49)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **October 1, 2047.**

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower mortgages, grants and conveys to Lender and Lender's successors and assigns, the following described property located in the County of **COOK**, State of **ILLINOIS**:

**See Exhibit "A" attached hereto and made a part hereof;**

110053585

which has the address of **9810 S NORMAL AVENUE, CHICAGO, IL 60628** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

* 6 3 0 7 7 8 0 6 6 Y G 0 V *
Illinois Partial Claim Mortgage
8338 11/12

* 3 4 2 6 5 8 + 1 0 *

(page 1 of 4)

1727746429 Page: 3 of 6

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless Applicable Law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30**



Illinois Partial Claim Mortgage
8336 11/12

(page 2 of 4)

1727746429 Page: 4 of 6

days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq. ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

8. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs.

9. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

10. **Bankruptcy Discharge.** If Borrower, subsequent to **August 24, 2017**, receives a discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.



Illinois Partial Claim Mortgage
8336 11/12

(page 3 of 4)

FILED DATE: 8/26/2021 10:49 AM   2011CH40227

1727746429 Page: 5 of 6

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Date: 9-15-17

GINA MORROW -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Illinois

County of Cook

The foregoing instrument was acknowledged before me, a Notary Public on

09-15-2017 (Date-Month, Day and Year)

by GINA MORROW.

(Signature of person taking acknowledgment)

Jade Lindsey Wade
(Printed Name of person taking acknowledgment)

My Commission Expires on MAY 11, 2020

JADE LINDSEY WADE
Official Seal
Notary Public - State of Illinois
My Commission Expires May 11, 2020

Illinois Partial Claim Mortgage
8536 11/12

(page 4 of 4)

FILED DATE: 8/28/2021 10:49 AM 2011CH40227

1727746429 Page: 6 of 6

## Exhibit "A"

**Loan Number:** 630778066

**Property Address: 9810 S NORMAL AVENUE, CHICAGO, IL 60628**

**Legal Description:**
THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE COUNTY OF COOK, STATE OF ILLINOIS: LOT 5 (EXCEPT THE NORTH 8 FEET THEREOF), AND ALL OF LOT 6 IN V. H. SURGHNORS SUBDIVISION OF BLOCKS 9 TO16 IN ODELLS ADDITION TO EUCLIDE PARK, A SUBDIVISION OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT NUMBER 1541584, IN COOK COUNTY, ILLINOIS.

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

Licensed to P... ...ght by Cook County Recorder of Deeds



\* 6 3 0 7 7 8 0 6 6 Y G 0 V \*

Exhibit A Legal Description Attachment 11/12



\* 3 4 2 6 5 8 + 1 0 \*

Page 1 of 1

FILED DATE: 8/28/2021 10:49 AM  2011CH40227

**Warranty**
**Deed**



Doc#:  0636331079 Fee: $26.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 12/29/2006 01:00 PM  Pg:  1 of 2

**THIS INDENTURE WITNESSETH, That the Grantor (s), Gina Morrow, a single woman** for and in consideration of the sum of one dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, convey and warrants to:  Dylan Reeves  the real property commonly known as:  9810 S. Normal Ave, Chicago, Illinois, 60628 and which is legally described as follows, to-wit:  The South 8.00 Feet of the North 16.00 Feet of Lot 5 in V.H. Surghnor's Subdivision of Blocks 9 to 16 in O'Dell's Addition to Euclid Park, A Subdivision of The East ½ of The Northwest ¼ of Section 9, Township 37 North, Range 14, East of The Third Principal Meridian, According to The Plat Thereof Recorded as Document Number 1541584, in Cook County, Illinois.

PIN (S): 25-09-129-059  (note: vacant strip of land measuring approximately 8 ft. by 124.28 ft.)

SUBJECT TO TAXES NOT YET DUE AND PAYABLE. COVENANTS, CONDITIONS AND RESTRICTIONS OF RECORD

Situated in    Cook    County, Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Dated this December 27, 2006

City of Chicago
Dept. of Revenue
485182
12/29/2006 12:37  Batch 09365   57

Real Estate
Transfer Stamp
$18.75

_____
Gina Morrow



EXHIBIT

I

FILED DATE: 8/26/2021 10:49 AM  2011CH04227

DEC. 27. 2006  4:21PM                                                                 NO. 1983   P. 3/16



**STATE OF ILLINOIS**
**COUNTY OF Cook**

I, the undersigned, a Notary Public in and for said County and State aforesaid, DO HEREBY CERTIFY THAT,
**Gina Morrow, a single woman**
who is/are personally known to me to be the same person(s) whose name(s) are subscribed to the foregoing
instrument, as having executed the same, appeared before me this day in person and acknowledged that they signed,
sealed, and delivered the said instrument as their free and voluntary act for the uses and purposes therein set forth,
including the release and waiver of the right of homestead.

Given under my hand and Notarial Seal this December 27, 2006

_Yolanda V. Del Rio_
Notary Public

> "OFFICIAL SEAL"
> Yolanda V. Del Rio
> Notary Public, State of Illinois
> My Commission Exp. 05/30/2010

This Instrument was prepared by and return to:

Dylan Reeves
9808 S. Normal
Chicago, IC 60628

FILED DATE: 8/28/2021 10:49 AM   2011CH40227

# Karen A. Yarbrough  Clerk of Cook County

## COUNTY OF COOK MAP DEPARTMENT

Date: <u>08-23-2019</u>

**THIS CERTIFIES THAT THE PERMANENT REAL ESTATE INDEX NUMBER KNOWN AS:**

| 25 - 09 - 129 - 066 - 0000 | BEARS THE FOLLOWING LEGAL DESCRIPTION:

<u>THE SOUTH 8 FEET OF THE NORTH 16 FEET OF LOT 5 IN V.H. SURGHNOR'S</u>
<u>SUBDIVISION OF BLOCKS 9 AND 16 IN O'DELL'S ADDITION TO EUCLID PARK SUBDIVISION OF</u>
<u>THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 9 TOWNSHIP 37 NORTH, RANGE 14 EAST OF</u>
<u>THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.</u>



_Supervisor of Maps and Plats_

Fee: $10.00



EXHIBIT

J